32801.   PACIFIC FIRE INSURANCE COMPANY *v.* CASH.

DECIDED FEBRUARY 17, 1950.   REHEARING DENIED MARCH 3, 1950.

*Smith, Partridge, Field, Doremus & Ringel, Paul F. & Warren Akin,* for plaintiff in error.

*J. L. Davis,* contra.

FELTON, J. The defendant in error contends that the verdict was authorized on several theories. A consideration of one will be sufficient for a determination of the case. The policy sued on was issued by Mrs. R. V. Jones, local agent at Cartersville, Georgia. There was no written application for the policy either attached or detached. Item 1 of the policy was partly as follows: "Ownership: Except with respect to bailment lease, conditional sale, mortgage or other encumbrance the insured is the sole owner of the automobile, except as herein stated: No exceptions." Since the defendant insurance company seeks to avoid liability under the policy for violation of a provision against encumbrances undisclosed and since the above provision excepts encumbrances, such provision is not pertinent. Item 4 of the policy contained blank spaces for "Description of the automobile and facts respecting its purchase by the insured:" Blanks were provided for the following items, all of which left blank where not otherwise specified. "Year Model, 1939, Make of Car, Ford; Model,_____; Body Type etc., 4 Door Sedan; Serial Number and Motor Number, M 52442; No. of Cyls._____; F. O. B. List Price or Delivered Price at Factory, _____; Actual Cost when purchased including equipment, _____; Purchased, Month_____ Year _____, New or Used, Used; The automobile is unencumbered unless otherwise stated herein: Encumbrance, _____; Instalment Payments,_____; Due Date and Amount of Final Instalment, _____." Paragraph "5. Use: The purposes for which the automobile is to be used are, Business and Pleasure." Paragraph 14 of the conditions in the policy is in part as follows: "This policy shall be void if the insured has

concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof. . ." Under ";Exclusions" the policy contained the following provision: "This policy does not apply: . . (b) under any of the coverages, while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy." This is a case in which the local agent is authorized to pass on the risk, issue and deliver the policy. The insured had no opportunity to read the policy before its issuance. The insured testified that he answered all the questions asked him by the insurance agent, which she did not deny. Under the facts of this case we think that the insurance company waived the outstanding conditional-sale contract, assuming for the sake of argument that the evidence was sufficient to show that there was one. Item 3 of the policy provided: "In consideration of the payment of the premium and in reliance upon the statements in the declarations . . the company agrees to pay," etc. While there was no application, the plan of the policy amounts to the making of an application which is in the exclusive possession of the agent and an insured has to rely on questions by the agent in order to furnish the information desired by the agent. Inasmuch as the agent had the authority to insert in the policy the fact that the automobile was encumbered and to nevertheless issue the policy, her failure to make inquiry of the insured as to encumbrances, will be held to be a waiver of the existence of encumbrances. See 29 Am. Jur. 436, 437, § 540. The jury was authorized to find that the agent did not make inquiry concerning encumbrances and that any encumbrances were therefor waived. The circumstances of this case make it analogous to one where an agent acts for *an insurance company* in filling out an application, and as such fails to make material inquiries called for by the application.

The court did not err in overruling the motion for a new trial. *Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*